UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11649-GAO

VINICIUS TEIXEIRA and SAIONARA TEIXEIRA,
Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION and BAC HOME LOANS
SERVICING LP f/k/a COUNTRYWIDE HOME LOANS SERVICING LP,
Defendants.

OPINION AND ORDER
July 18, 2011

O'TOOLE, D.J.

The plaintiffs, Vinicius and Saionara Teixeira, brought suit in state court against Federal National Mortgage Association ("Fannie Mae") and BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP ("BAC"), alleging various causes of action stemming from the foreclosure of their property. The defendants removed to federal court and now move to dismiss the plaintiffs' breach of the duty of good faith and reasonable diligence (Count I) and breach of contract (Count II) claims.[1]

---

[1] The remaining counts of the complaint, violation of Massachusetts General Laws chapter 244 § 14 (Count III) and intentional infliction of emotional distress (Count IV), are not subject to the motion to dismiss.

## I. Background[2]

On or about December 17, 2004, the plaintiffs gave a promissory note and mortgage on their property in Winthrop, Massachusetts, to Countrywide Home Loans, Inc. in exchange for a loan. BAC later acquired the note and mortgage, becoming the servicer of the loan. As a result of personal health problems and the failing economy, the plaintiffs started having difficulty paying their mortgage during the summer of 2008.

The plaintiffs contacted Countrywide and later BAC in order to obtain a loan modification. Notwithstanding their efforts, on or about April 21, 2010, BAC sent notice of a scheduled foreclosure date. The plaintiffs contacted BAC and were informed that there was a problem with their loan modification application and that they would have to reapply. BAC said it would send a new application at least two days before the foreclosure date, but the plaintiffs did not receive one.

On May 21, 2010, the plaintiffs' home was purportedly sold at a foreclosure auction. However, two individuals performing construction on the plaintiffs' home at the time and date of the scheduled auction did not see or observe anyone hold a public auction.

## II. The Home Affordable Modification Program

During the economic downturn of 2008, Congress passed the Emergency Economic Stabilization Act of 2008, which among other things, directed the Secretary of the Treasury to implement a plan to minimize foreclosures. 12 U.S.C. § 5220. The Secretary subsequently created a program aimed at making homes affordable. Included in the initiative was the Home Affordable Modification Program ("HAMP").

---

[2] The facts are derived from the plaintiffs' complaint and are taken as true for the purposes of this motion to dismiss. See Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

HAMP provides financial incentives to participating mortgage lenders who modify home loans of borrowers in danger of foreclosure. Mortgage lenders or servicers who opt in to HAMP execute Service Participation Agreements ("SPAs") with Fannie Mae, acting in its capacity as a financial agent for the United States. SPAs require servicers to abide by a set of requirements enumerated in the HAMP Guidelines when evaluating home mortgage modifications. Freddie Mac independently evaluates servicer data to ensure compliance with the HAMP Guidelines.

The plaintiffs allege that BAC's parent company signed an SPA, agreeing to participate in HAMP and to abide by its requirements.

### III. Discussion

#### A. Breach of Duty of Good Faith and Reasonable Diligence

Count I alleges breach of the duty of good faith and reasonable diligence. The plaintiffs claim that the defendants breached the duty of good faith and reasonable diligence by failing to provide a new modification application to them and to formally postpone the foreclosure auction date pending consideration of the plaintiffs' supplemental application. Furthermore, though not the focus of this particular claim, the plaintiffs also allege that the defendants did not actually hold a public auction as it claims to have done. The defendants argue that the claim, while dressed as a common-law cause of action, is merely an attempt to enforce the terms of the SPA, an agreement to which the plaintiffs are not parties.

"It is familiar law that a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." W. Roxbury Co-op. Bank v. Bowser, 87 N.E.2d 113, 115 (Mass. 1949); accord Seppala & Aho Const. Co. v. Petersen, 367 N.E.2d 613, 615 (Mass. 1977) ("[T]he basic rule of law applicable to the foreclosure of real estate mortgages is that 'a mortgagee in exercising a power of sale in a

mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor.'") A mortgagee must exercise good faith in executing a foreclosure, particularly when it becomes the buyer of the home at the foreclosure sale. See U.S. Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 50 n.16 (Mass. 2011). The duty does not arise from a mortgage servicer's obligations under HAMP or other statute, but rather, is an independent duty at common law to protect the interests of the mortgagor in exercising a power of sale in a mortgage.

Here, the plaintiffs have adequately pled sufficient facts to sustain their claim of breach of the duty of good faith and reasonable diligence. Among other things, the plaintiffs allege that the defendants did not hold a public auction at the time and location it claims to have. Presuming this to be true, the defendants arguably did not provide adequate notice of the actual sale—if a separate one occurred—and/or did not protect the plaintiffs' interests by securing a reasonable foreclosure price through a competitive, public auction. See Alpino v. JPMorgan Chase Bank, Nat'l Ass'n, No. 10-12040-PBS, 2011 WL 1564114, at *5-6 (D. Mass. Apr. 21, 2011). While the merits of the theory are yet to be determined, the plaintiffs' allegations are sufficient to avoid dismissal at this stage.

B. Breach of Contract

Count II alleges breach of contract. The plaintiffs allege that BAC violated the SPA when it proceeded to foreclosure without first evaluating the plaintiffs for a loan modification or other loan alternative. Although the plaintiffs recognize they are not parties to the SPA, they nevertheless contend that they are the intended beneficiaries of the contract.

Although HAMP was generally designed to benefit homeowners, it does not follow necessarily that homeowners like the plaintiffs are intended third-party beneficiaries of the contracts between servicers and the government. See Klamath Water Users Protective Ass'n v.

4

Patterson, 204 F.3d 1206, 1212 (9th Cir. 1999). "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." Id. at 1211; accord Blackwood v. Wells Fargo Bank, N.A., No. 10-10483-JGD, 2011 WL 1561024, at *6 (D. Mass. Apr. 22, 2011). Here, the SPA between BAC and Fannie Mae does not give any indication that the parties intended to grant qualified borrowers the right to enforce the contract. To the contrary, the SPA contains language that appears to limit who can enforce the contract's terms: "The Agreement shall inure to the benefit of and be binding upon the parties to the Agreement and their permitted successors-in-interest." (See Mem. in Supp. of Mot. of Defs. to Dismiss Counts I & II of the Compl. Ex. B § 11(E) (dkt. no. 5-2).)

Under these circumstances, the plaintiffs cannot prove that BAC and Fannie Mae entered into the agreement with the intent to benefit them.[3] The plaintiffs have no right to enforce the contract. Count II is therefore dismissed.

## IV. Conclusion

For the foregoing reasons, the Motion of Defendants to Dismiss Counts I and II of the Complaint (dkt. no. 4) is DENIED as to Count I and GRANTED as to Count II.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[3] The Court notes that in so holding, it joins the majority of courts which have considered the matter. See, e.g., Alpino, 2011 WL 1564114, at *4; Blackwood, 2011 WL 1561024, at *6; Speleos v. BAC Home Loan Servicing, LP, 755 F. Supp. 2d 304, 310 (D. Mass. 2010); Zoher v. Chase Home Fin., No. 10-14135-CIV, 2010 WL 4064798, at *4-5 (S.D. Fla. Oct. 15, 2010); McKensi v. Bank of Am., NA, No. 09-11940-JGD, 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010); Hoffman v. Bank of Am., NA, No. C 10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010); Marks v. Bank of Am., NA, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *4-5 (D. Ariz. June 22, 2010). But see Marques v. Wells Fargo Home Mortg., Inc., No. 09-1985-L, 2010 WL 3212131, at *7 (S.D. Cal. Aug. 12, 2010).